# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KOFO OSUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV721 NAB |
| | ) | |
| FLAGSTAR BANK, F.S.B., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff brings this action on his own behalf pursuant to 42 U.S.C. § 1983 alleging a violation of his due process rights in relation to the foreclosure of his home, located at 10 Edgemere Court, Florissant, Missouri 63033.

Plaintiff claims that defendant Flagstar Bank, F.S.B. owns the mortgage on the home in Florissant and that he fell behind on his mortgage payments and was at first told by Flagstar that they would assist him in modifying his loan. Plaintiff states that although he provided Flagstar with all of the documentation they requested, the bank refused to allow him to modify his home loan. He asserts that he was notified in the Spring of this year by defendant South & Associates, a Successor Trustee, that the property was foreclosed on in February 2013 and that he should vacate the property immediately. Plaintiff asserts that the foreclosure was illegal and that defendants acted in violation of the "St. Louis County Mortgage Foreclosure Intervention Code." Plaintiff also asserts negligent violation of the Home Affordable Modification Program.

According to Missouri Case.Net, Flagstar Bank, F.S.B. initiated an unlawful detainer[1] action against plaintiff in St. Louis County Court on March 27, 2013. See Flagstar Bank, F.S.B. v. Osun, Case No. 13SL-AC09513. Trial is currently scheduled for May 22, 2013. Plaintiff filed the current action on April 15, 2013.

**Discussion**

As the foreclosure of plaintiff's property has already occurred, this action must be dismissed. Under the Rooker–Feldman doctrine, federal district courts have no jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Knutson v. City of Fargo, 600 F.3d 992, 995 (8th Cir.2010) (quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)). This doctrine "forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions." Lemonds v.. St. Louis County, 222 F.3d 488, 492 (8th Cir.2000), cert. denied, 531 U.S. 1183 (2001). Rooker–Feldman stands as a bar to federal review because plaintiff's requested relief "'would effectively reverse the

---

[1]An unlawful detainer action is a limited action, brought pursuant to a Missouri statute, whereby the sole issue to be decided is the immediate right of possession to a parcel of real property. See, e.g., U.S. Bank NA v. Watson, 388 S.W.3d 233, 235 (Mo. Ct. App. 2012); Mo.Rev.Stat. § 543.200.

state court decision or void its ruling." Johnson v. City of Shorewood, Minnesota, 360 F.3d 810, 819 (8th Cir.) (citation omitted), cert. denied, 543 U.S. 810 (2004). Simply put, this Court does not have federal jurisdiction over plaintiff's lawsuit.

If plaintiff believes Flagstar acted in violation of Missouri law, he needs to pursue an action in Missouri state courts, where the foreclosure has already occurred.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court lacks jurisdiction over this matter.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 12th day of June, 2013.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE