# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KOFO OSUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV721 NAB |
| ) | |
| FLAGSTAR BANK, F.S.B., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to reconsider and/or set aside the dismissal of his lawsuit. After reviewing plaintiff's motion in its entirety, his motion will be denied.

Plaintiff filed the instant case pursuant to 42 U.S.C. § 1983 alleging a violation of his due process rights in relation to the foreclosure of his home, located in Florissant, Missouri. He claimed that defendant Flagstar Bank, F.S.B. owns the mortgage on his own in Florissant and that he fell behind on the mortgage payments and was at first told by defendant that they would assist him in modifying his loan. He asserted that he was notified in the Spring of this year by defendant South & Associates, a Successor Trustee, that the property was foreclosed on in February 2013 and that he should vacate the property immediately. Plaintiff further asserted in his complaint that the foreclosure was

illegal and that defendants acted in violation of the "St. Louis County Mortgage Foreclosure Intervention Code." Plaintiff last asserted a violation of the Home Affordable Modification Program ("HAMP").

The Court dismissed plaintiff's lawsuit on June 12, 2013 pursuant to Federal Rule of Civil Procedure 12(h)(3), noting that the Court lacked jurisdiction over plaintiff's action under the Rooker-Feldman doctrine.[1]  In short, the Court noted that as the foreclosure of plaintiff's property had already occurred, this Court had no jurisdiction over plaintiff's indirect attempt to undermine a state court decision.  Plaintiff argues in his motion to set aside the dismissal that because the foreclosure action was not a "judicial foreclosure," but rather an "administrative foreclosure, the Rooker-Feldman doctrine cannot be said to apply to the current situation.

Under Missouri law, non-judicial foreclosure is a contractual right established by a power of sale clause in a deed of trust.  Mo.Rev.Stat. § 443.290; Hobson v. Wells Fargo Home Mortgage, 2011 WL 3704815 (E.D. Mo. August 24, 2011).  Defendant Flagstar Bank initiated their action in state Court prior to the

---

[1] According to Missouri Case.Net, Flagstar Bank, F.S.B. had initiated an unlawful detainer action against plaintiff in St. Louis County Court on March 27, 2013. See Flagstar Bank, F.S.B. v.Osun, Case No. 13SL-AC09513. Trial is currently scheduled for July 16, 2013. Plaintiff filed the current action on April 15, 2013.

present action.  Plaintiff's assertions in defense of the unlawful detainer action involve his claim that he was subjected to an unlawful or invalid foreclosure procedure - a claim that must be made in Missouri state court. See, e.g., Abrams v. Lakewood Park Cemetery Ass'n, 196 S.W.2d 278, 283-84 (Mo. 1946); see also, Mo.Rev.Stat. § 443.290.

Plaintiff's assertions that this case may not be barred by the Rooker-Feldman doctrine may be, in fact, be correct assuming as plaintiff alleges that his property was subject to a non-judicial foreclosure procedure.  However, given that defendants filed an action prior to plaintiff bringing the instant action to this Court, and this Court's finding that the subject matter of the current action should be dealt with in state court, the Court finds that it should still abstain from hearing the instant action under the Younger v. Harris abstention doctrine.

In Younger v. Harris, 401 U.S. 37, 46 (1971), the Supreme Court directed federal courts to abstain from hearing cases where "the action complained of constitutes the basis of ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges."  Harmon v. City of Kansas City, Missouri, 197 F.3d 321, 325 (8th Cir. 1999); see also, Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996).  This case appropriately falls within those guidelines.

Moreover, the Court notes that defendants cannot be said to be "state actors" such that they can be held liable for due process violations under 42 U.S.C. § 1983.  See  DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 195 (1989) ("nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors.").  And plaintiff's assertions that defendants have violated a local ordinance in carrying out the foreclosure process do not assist them in establishing jurisdiction in this Court under any federal law.  Thus, plaintiff has not properly shown a separate basis for this Court's jurisdiction even if the Rooker-Feldman doctrine does not apply.

Last, plaintiff argues that the Court has jurisdiction over his action under the federal government's Home Affordable Modification Program ("HAMP").  The Court respectfully disagrees.  The majority of courts have held that HAMP does not provide a private right of action for borrowers, thus it cannot provide a basis for jurisdiction for plaintiff in this instance.  See, e.g., Bohnhoff v. Wells Fargo Bank, N.A., 853 F.Supp.2d. 849, 853 (D.Minn.2012); Topchian v. JPMorgan Chase Bank, N.A., 2013 WL 1628525 (W.D.Mo. April 16, 2013); Meng v. Citimortgage, Inc., 2013 WL 1319008 (E.D.Mo. March 29, 2013); Foster v. Deutsche Bank National Trust Co., 2012 WL 5285887 (E.D.Mo. Oct.25, 2012);

Haapala v. Bank of America, N.A., 2012 WL 1883816 (D.Minn. May 22, 2012); Maxwell v. Aurora Loan Services, LLC, 2011 WL 4014327 (E.D.Mo. Sept.9, 2011); Reitz v. Nationstar Mortg., LLC, 2013 WL 3282875 (E.D. Mo. June 27, 2013).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to set aside the dismissal [Doc. #6] is **DENIED**.

Dated this 16th day of July, 2013.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE